**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-518-SRW |
| | ) | |
| CHRISTOPHER BREWER, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On August 11, 2026, the Court ordered Petitioner to show cause within thirty days as to why his 28 U.S.C. § 2254 petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). ECF No. 6. Petitioner requested an extension of time, and the Court granted him an additional sixty days. His response to the show cause order was due on October 27, 2026. Petitioner has neither responded within the time allotted nor filed a second motion for an extension. Therefore, for the reasons discussed below, the petition will be denied and dismissed as untimely.

**Background**

On March 28, 2003, Petitioner pled guilty to burglary, stealing, forcible sodomy, attempted forcible sodomy, and assault. State of Missouri v. Brown, No. 2102R-01620-01 (21st Jud. Cir., St. Louis County).[1] On May 29, 2003, Petitioner was sentenced to a total of 25 years in the Missouri Department of Corrections. Petitioner did not appeal his guilty plea or sentence. Petitioner also

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

failed to file a timely motion to vacate, set aside, or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 29.15[2]

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 1, 2026. ECF No. 1-1. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (stating that "a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). Upon review of the petition and the underlying state-court actions, the Court determined that this action appeared untimely. ECF No. 6. Petitioner was ordered to show cause as why his petition should not be summarily dismissed as time-barred. *Id.* After seeking one extension of time, Petitioner's response was due on October 27, 2026. As of the date of this order, Petitioner has neither filed a response nor requested additional time.

**Discussion**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In this case, Petitioner did not appeal his conviction or sentence,

[2] Petitioner filed a Rule 29.15 motion in 2011, but the motion was dismissed as being untimely. Brown v. State of Missouri, No. 11SL-CC01232 (21st Jud. Cir., St. Louis County).

so the judgment became final on June 29, 2003. Petitioner had one year from this date to file his habeas petition. Instead, Petitioner filed the instant petition nearly 22 years after the statute of limitations had expired. Though Petitioner filed a motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 in 2011, the time to file for relief under 28 U.S.C. § 2254 had already long expired, so this filing did not toll the statute which had already run.

Petitioner does not deny that his petition is untimely. However, he states because he is claiming actual innocence and new evidence, he is entitled to equitable tolling. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims….on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). A mere assertion of new evidence is not sufficient to toll the statute of limitations. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386. Further, "[u]nexplained delay in presenting new evidence" is a factor in considering whether the statute of limitations should be tolled. *Id.* at 399.

The petition argues four points. First, he asserts that a victim statement was not turned over during discovery. ECF No. 1. at 7. Petitioner does not assert when he was made aware of the victim statement nor does he sufficiently explain how the statement was exculpatory. Petitioner points to one sentence in the statement where the victim indicates a cover was over his face and he could not see the perpetrators. *Id.* But the statement, when viewed in its entirety, reflects that the victim looked at both perpetrators and described them prior to the cover being placed over his head.

Second, Petitioner asserts that a DNA analysis was not provided to him before he pled guilty. *Id.* at 16. Although Petitioner does not state when he discovered this alleged DNA analysis, a filing in his state court case in 2006 appears to address this issue. Therefore, Petitioner appears

to have known of this issue for at least twenty years. Petitioner provides no explanation why he failed to file a habeas claim on this issue until now.

Third, Petitioner asserts a witness line up statement was not presented in discovery materials. *Id.* at 22. Again, Petitioner never states when he was made aware of this evidence. Further, Petitioner does not offer any explanation that might explain how this line up statement is exculpatory, impeaching, or material.

Lastly, Petitioner argues he was denied effective assistance of counsel due to his attorney's deficiencies. *Id.* at 27. The examples he provides are related to events that occurred in 2002 and 2003. Petitioner fails to state why he did not raise these issues at an earlier date.

The Court provided Petitioner with the opportunity to show cause as to why this action should not be dismissed, which would have included providing additional details to support his claims of actual innocence and new evidence. Plaintiff did not respond to the show cause order or file a motion to extend the time to respond. Plaintiff's response is approximately three weeks past due. Consequently, the Court finds the instant petition is untimely.

**Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for preliminary review of a 28 U.S.C. § 2254 petition before directing the respondent to answer. Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk of court to notify the petitioner."

Having reviewed the petition and the underlying state court action, the Court has determined that the petition is untimely. The Court gave petitioner an opportunity to show cause as to why his case should not be dismissed, allowing him to address this Court's issues with his

four arguments. However, Petitioner did not respond. Therefore, his 28 U.S.C. § 2254 petition for writ of habeas corpus must be denied and dismissed as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A).

**Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED AND DISMISSED AS TIME-BARRED**. *See* Rule 4 of the Rules Governing § 2254 Proceedings; 28 U.S.C. § 2244(d)(1)(A). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability in this action.

Dated this 16th day of November, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE